IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GREGORY BETTS,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO. 16-0442-KD-C** |
| ) | |
| **PROGRESSIVE SPECIALTY** ) | |
| **INSURANCE COMPANY, SAFECO** ) | |
| **INSURANCE COMPANY OF ILLINOIS,** ) | |
| **BERKLEY REGIONAL INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This action is before the Court on the Defendants' Motions for Leave to Amend their Answers (docs. 24, 25, 28). Upon consideration, and for the reasons set forth herein, the Motions are **GRANTED**. Accordingly, Defendants shall file their **amended answers** on or before **March 24, 2017.**

Defendants move pursuant to Rule 16(b)(4) and Rule 15(a)(2) of the Federal Rules of Civil Procedure for leave to amend their answers to add an affirmative defense under Texas law – that Plaintiff Gregory Betts was not wearing his seat belt. Defendants allege that the Texas Peace Officer's Crash Report and Code Sheet indicated that Betts was using a lap and shoulder belt (docs. 25-1; 25-3). However, at deposition, held six days after the deadline for motions for leave to amend the pleadings, Betts testified that he was not wearing his seatbelt (doc. 25-2) [1] Betts was given an opportunity to respond to the motions. However, Betts did not file a response.

Generally, motions for leave to amend pleadings are subject to a liberal, permissive, standard, requiring that "the court should freely give leave when justice so requires." Fed.R.Civ.P.

---

[1] At deposition, when asked why Betts believed that Boyd's pick up truck was traveling at a high rate of speed, he testified as follows: ". . . from the impact of the truck - - because just sitting there, I didn't have my seat belt on, and the impact [threw] me up into the dash of the truck . . . he had to be going at a high rate[.]" (Doc. 25-2)

15(a)(2). Thus, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *City of Miami v. Bank of America Corp.,* 800 F.3d 1262, 1286 (11th Cir. 2015) (citing *Thomas v. Town of Davie,* 847 F. 2d 771, 773 (11th Cir. 1988)).

However, when a motion for leave to amend is filed beyond the deadline in the Rule 16(b) Scheduling Order - the deadline for Defendants was January 20, 2017, Betts was deposed on January 26, 2017, and the motions were filed in February 2017 - the standard is less permissive. The district courts must look to whether the good cause standard set forth in Fed.R.Civ.P. 16(b)(4) is met.  Pursuant to that rule, the "schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). Therefore, Defendants must demonstrate good cause. *Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009); *see also Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir.1998) ("[B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a).").  Also, the Court of Appeals for the Eleventh Circuit has explained that in addition to a show of good cause, "where new facts provide the basis for the out-of-time amendment, the party should offer an explanation for 'why those facts previously were undiscoverable.'" *Crockett v. GEO Grp., Inc.,* 582 Fed. Appx. 793, 796 (11th Cir. 2014) (quoting *Smith v. Sch. Bd. of Orange County,* 487 F. 3d 1361, 1367 (11th Cir. 2007)).

Defendants argue that before Betts' deposition, there was no evidence to indicate that he was not wearing his seat belt, and thus, there was no neglect on their part by not including this affirmative defense in their original answers.  Defendants point out that the Crash Report when viewed with the Code Sheet (docs. 25-1, 25-3) indicated that Betts was wearing his seat belt. Defendants assert that Betts' testimony is newly discovered evidence, which constitutes good cause for allowing an amendment after the deadline to assert the affirmative defense.

Arguably, the fact that Betts was not wearing his seatbelt was discoverable within the time frame for motions to amend the pleadings. However, the Court finds that Defendants have shown good cause as to why they did not pursue discovery as to this defense in a more timely manner – the

fact that the Accident Report indicated that Betts was wearing his seat belt[2] and there was no evidence to the contrary.

Rule 15(a)(2) instructs the Court that it "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" *City of Miami v. Bank of America Corp.,* 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted).  The district court "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (citing *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc*., 556 F.3d 1232, 1241 (11th Cir.2009) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); *Donley v. City of Morrow, Georgia,* 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same).

The docket does not indicate any bad faith, dilatory motive, or other undue delay on the part of the Defendants or any repeated failure to cure deficiencies.  Moreover, Betts did not respond and thus has not argued that allowing the affirmative defense would be futile.  Also, discovery does not end until July 7, 2017.  Thus, the parties will have sufficient time to conduct discovery on the affirmative defense and Betts not incur undue prejudice by allowing the amendment.  Accordingly, Defendants' motions are due to be granted.

DONE and ORDERED this the 10th day of March 2017.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2]  The Court notes that Betts' testimony regarding the use of seat belts appears to have occurred anecdotally to his testimony regarding the rate of speed at which Boyd's vehicle may have been travelling at the time of impact (doc. 25-2).