# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GREGORY BETTS, )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br>PROGRESSIVE SPECIALTY )<br>INSURANCE COMPANY, et al, )<br>    Defendants. ) | CIVIL ACTION NO. 16-00442-KD-MU |

## ORDER

This matter is before the Court on a *sua sponte* Show Cause Order (Doc. 81), Betts' Response (Doc. 82), and Safeco Insurance Company of Illinois's Reply (Doc. 85). For the reasons explained below, Betts' claim against Safeco is **DISMISSED** for want of subject matter jurisdiction. Betts' claim against Progressive Specialty Insurance Company is also **DISMISSED** for the same unless Progressive files an objection showing cause by October 27, 2017.

**I.   Background**

    **a.  Factual Background**

Betts' state law claims arise from an accident in Texas. While driving a tanker for his employer, an uninsured motorist rear-ended Betts. Because the accident involved an uninsured motorist, Betts filed suit against three insurance companies under their respective uninsured motorist policies.

    **b.  Procedural Background**

Betts originally sued three entities in state court, which was later removed to federal court. (1:16-cv-00254-KD-N). For reasons unrelated to the current issue, Betts dismissed the removed case and re-filed anew in federal court. (Doc. 1). In Betts' second action, his complaint

1

cited 28 U.S.C. § 1332 as the statute providing the Court subject matter jurisdiction over his claims.

Upon review of Safeco's Motion for Summary Judgment (Doc. 71-1), the Court questioned whether the Court had subject matter jurisdiction over Betts' claims. As a result, the Court issued a Show Cause Order to Betts inquiring as to the Court's subject matter jurisdiction. (Doc. 81). The Court noted its concern centered upon whether Betts' claims satisfied § 1332's amount in controversy requirement. (Doc. 81). Betts filed a response to the Show Cause Order in which he conceded his claims against both Safeco and Progressive do not satisfy the amount in controversy requirement. (Doc. 81 at 3). Safeco then moved for leave to submit a reply to Betts' response. (Doc. 83). The Court granted Safeco leave and ordered Safeco to specifically 28 U.S.C. § 1367(b)'s applicability to Betts' claims. (Doc. 84).

## II. Discussion of Law

### a. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. As a result of this limitation, federal district courts have the power and "obligation at any time to inquire into jurisdiction[.]" Am. Civil Liberties Union of Florida, Inc. v. City of Sarasota, 859 F.3d 1337, 1340 (11th Cir. 2017) (quoting Fitzgerald v. Seaboard Sys. R.R., 760 F.2d 1249, 1251 (11th Cir. 1985)). And once a court concludes it lacks subject matter jurisdiction, "the court is powerless to continue." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

Federal courts "are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution' and that have been entrusted to them by a jurisdictional grant authorized by Congress." PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1304 (11th Cir. 2016) (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)).

"Congress has the constitutional authority to define the jurisdiction of the lower federal courts and, once the lines are drawn, limits upon federal jurisdiction must be neither disregarded nor evaded." PTA-FLA, Inc., 844 F.3d at 1304 (quoting Keene Corp. v. United States, 508 U.S. 200, 207 (1993)) (internal ellipsis omitted).

Two main statutes confer original jurisdiction: 28 U.S.C. §§ 1331 and 1332. The former statute provides a "federal forum for plaintiffs who seek to vindicate federal rights . . . under the Constitution, laws, or treaties of the United States." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). The latter "provide[s] a neutral forum for what have come to be known as diversity cases, [that is] civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens." Exxon, 545 U.S. at 552.

Congress restricted diversity cases to those "where the matter in controversy exceeds the sum or value of $75,000 . . . ." 28 U.S.C. § 1332(a). In order to satisfy the requirements of § 1332, the parties must be completely diverse, Univ. of S. Alabama, 168 F.3d at 412 (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)), and the matter in controversy must exceed $75,000. To justify dismissal, "it must appear to a legal certainty that the claim" does not exceed $75,000. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). However, if a party asserts jurisdiction "based on a claim for indeterminate damages, the Red Cab Co. 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Federated Mut. Ins. Co., 329 F.3d at 807.

    b. **Supplemental Jurisdiction**

Congress first codified supplemental jurisdiction in 1990. Prior to that, courts largely drew upon their own decisions – chief among them United Mine Workers v. Gibbs, 383 U.S. 715 (1966) – to formulate what is now known as supplemental jurisdiction. Palmer v. Hosp. Auth. of Randolph Cty., 22 F.3d 1559, 1563 (11th Cir. 1994). "If a district court has original jurisdiction in a case" supplemental jurisdiction provides federal courts "jurisdiction over related claims even though the court would not have been able to exercise original jurisdiction over those claims." Chapman Funeral Home, Inc. v. Nat'l Linen Serv., 178 F.Supp.2d 1247, 1252 (M.D.Ala. 2002).

The supplemental jurisdiction statute, 28 U.S.C. § 1367, contains three main sections. The first, 1367(a), "grants supplemental jurisdiction in the broadest possible terms." RICHARD D. FREER, CIVIL PROCEDURE 231-31 (3rd ed. 2012). It confers supplemental jurisdiction "over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). The next, 1367(b), applies solely to diversity cases and restricts supplemental jurisdiction "over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure . . . ." 28 U.S.C. § 1367(b) (stating district courts "shall not have supplemental jurisdiction" over certain claims).[1] Finally, 1367(c) provides federal district courts discretionary authority to decline supplemental jurisdiction in specified instances. 28 U.S.C. § 1367(c). While (c) provides discretionary authority to decline jurisdiction, "nothing about 1367(b) . . . is discretionary . . . ." Cent. Synagogue v. Turner Const. ¥Co., 64 F.Supp.2d 347, 351 (S.D.N.Y. 1999).

III.  **Analysis**

   a. **Betts' Claims Against Safeco and Progressive Do Not Independently Invoke Subject Matter Jurisdiction**

---

[1] See FREER, CIVIL PROCEDURE at 230-33 (discussing the restrictions to supplemental jurisdiction).

Betts seeks to recover under all three insurance companies' uninsured motorist policies. Betts' complaint alleged jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction). The parties appear to be diverse. In response to this Court's inquiry, Betts represented that his "<u>underlying</u> damages for the <u>underlying</u> motor-vehicle accident exceed the jurisdictional amount in controversy, [but] he can <u>only recover</u> up to the respective policy limits of the uninsured-motorist coverage provided by each Defendant." (Doc. 82 at 3) (emphasis in original). Betts further admitted that "the Court lacks subject matter jurisdiction" as to Betts' claims against Safeco and Progressive. (Doc. 82 at 3). However, Safeco contends Betts' claim against Safeco properly invokes subject matter jurisdiction.

Betts' claims against both Safeco and Progressive do not independently satisfy 28 U.S.C. § 1332's amount in controversy requirement due to their respective coverage limits. Specifically, Safeco's uninsured motorist coverage limits recovery to $25,000 per person and $50,000 per accident. (Doc. 85 at ¶ 3). Progressive's limits, according to Safeco's Reply, match Safeco's. (<u>Id</u>. at ¶ 4). Safeco and Progressive's policy limits for uninsured motorist coverage are less than the $75,000.01 minimum required by § 1332 (diversity jurisdiction). See <u>Henry v. State Farm Mut. Auto. Ins. Co.</u>, 2013 WL 5178518, at * 1 (M.D.Fla. Sept. 13, 2013) (<u>citing</u> <u>Budget Rent-A-Car, Inc. v. Higashiguchi</u>, 109 F.3d 1471, 1473 (9th Cir. 1997)) ("[I]nsurance policies limiting liability can be definitive in determining the amount in controversy when the policy limits are less than the claim[.]"). The third defendant, Berkley Regional Insurance Company ("BRIC"), had a policy limit of $1 million; therefore, Betts' claim in excess of $75,000 against BRIC satisfies the amount in controversy. (Doc. 85 at ¶ 2).

A plaintiff may, in some instances, aggregate two unrelated claims less than $75,000.01 in order to satisfy the amount in controversy requirement. See <u>Jones v. Bradford</u>, 2017 WL

2376573, at *2 (S.D.Ala. June 1, 2017). Aggregation is generally limited. It applies, among other times, when one plaintiff alleges multiple jurisdictionally-insufficient claims against one defendant, id., and when one plaintiff sues multiple defendants on a theory of joint liability. De La Rosa v. Reliable, Inc., 113 F.Supp.3d 1135, 1151 (D.N.M. 2015). Here, neither instance applies because Betts has two jurisdictionally-insufficient claims against two of the three defendants. Specifically, neither Safeco nor Progressive is jointly liable with BRIC because each defendant's liability turns upon not just liability of the accident but also the interpretation of its contract/policy with Betts.

### b. 1367(b) Precludes Supplemental Jurisdiction over Safeco/Progressive Claims

The Court has original jurisdiction over Betts' claim against BRIC. Betts' injuries arise from one event, and he seeks the same relief (uninsured motorist benefits) from three diverse insurance companies. Yet, pursuant to § 1367(b), district courts cannot exercise supplemental jurisdiction over diversity action claims by plaintiffs against persons made party under FED. R. CIV. P. 19 and 20. Here, Safeco concedes the defendants "are probably required defendant[s] in this case under Rule 19(a)(1) and at least permissive defendants under Rule 20(a)(2)." (Doc. 85 at 5). Therefore, § 1367(b) revokes supplemental jurisdiction with respect to Betts' claims against Safeco and Progressive.

### c. Safeco's Arguments

Safeco proffers two arguments for the proposition that the Court has subject matter jurisdiction over these claims. (Doc. 85). First, Safeco maintains supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367. (Doc. 85 at 1). Second, Safeco asserts the "amount in controversy

is met with respect to Safeco under 28 U.S.C. § 1331[.]"[2] (Id). Both arguments prove unconvincing.

First, Safeco contends the Court's only inquiry rests upon whether exercising supplemental jurisdiction in this case would be inconsistent with § 1332. (Doc. 85 at 5). Safeco notes § 1367(b)'s curious anomaly: 1367(b) withdraws supplemental jurisdiction of claims by plaintiffs against certain parties but not of claims asserted by non-plaintiffs. It further argues that adherence to § 1367(b) when a diverse plaintiff's claim against one defendant does not satisfy the amount in controversy defeats the broad purpose of § 1367(a). In sum, Safeco urges the Court to disregard the plain meaning of § 1367(b) for the sake of judicial economy.

However, the plain language of § 1367(b) does not afford district courts any discretion. See e.g., Exxon, 545 U.S. at 560 ("§ 1367(b) explicitly excludes supplemental jurisdiction over claims against defendants joined under Rule 20"); Cent. Synagogue., 64 F.Supp.2d at 351 ("Of course, there is nothing about 1367(b) that is discretionary; if the conditions of 1367(b) are met, the court 'shall not have' supplemental jurisdiction over the additional claims."); El Chico Restaurants, Inc. v. Aetna Cas. & Sur. Co., 980 F.Supp. 1474, 1483 (S.D.Ga. 1997) ("The plain language of § 1367(b) thus forbids claims by plaintiffs *against* parties joined under Rule 20, but allows claims *by* plaintiffs who have been joined under the same Rule.") (emphasis in original).

Safeco also relies on Exxon for the holding that "original diversity jurisdiction over one of plaintiff's claims that met the amount in controversy allowed for supplemental jurisdiction over other plaintiff's claims that did not meet the amount in controversy, even in light of § 1367(b), because all parties were still diverse." (Doc. 85 at 6). And Safeco is right. The statute affords supplemental jurisdiction over jurisdictionally-insufficient claims by persons made plaintiff under Rule 20. Exxon, 545 U.S. at 560. The differing party configurations explain why

---

[2] The Court assumes Safeco means § 1332 not § 1331.

7

plaintiffs' claims in Exxon invoked supplemental jurisdiction but Betts' claims do not. In Exxon, thousands of plaintiffs asserted jurisdictionally-insufficient claims against a single defendant. The defendant, Exxon Corporation, was the original and sole defendant, not joined under Rule 14, 19, 20, or 24. Id. at 550. In this case, Betts, a lone plaintiff, asserts three claims against three defendants joined, in Safeco's own estimation, under either Rule 19 or 20.

Second, Safeco argues Betts' claim against Safeco satisfies the amount in controversy requirement because in order to recover anything from Safeco, Betts must exhaust BRIC's policy limits. (Doc. 85 at 8-12). Safeco's liability, according to Safeco, depends upon Betts obtaining a judgment in excess of $1 million and argues all three policies "are jointly triggered" once Betts demonstrates he is legally entitled to recover against the uninsured motorist. (Doc. 85 at 12).

This argument also misses the mark. The Court explained in its Show Cause Order that "[c]laims against multiple defendants can only be aggregated when the defendants are jointly liable to the plaintiff." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1263 n.7 (11th Cir. 2000) (citing Jewell v. Grain Dealers Mut. Ins. Co., 290 F.2d 11, 13 (5th Cir. 1961)). Betts has three claims against three insurance companies to enforce three separate insurance policies. Although the extent of Safeco's liability might ultimately depend upon exhaustion of BRIC's policy, the insurance carriers are not jointly liable.[3] Simply demonstrating the uninsured motorist's fault does not automatically "trigger" all policies. Indeed, Safeco's Motion for Summary Judgment illustrates this very point since Safeco sought to avoid liability under the terms of its own policy.

---

[3] See Honeycutt v. United States, 137 S. Ct. 1626, 1631 (2017) (explaining the nature of joint and several liability).

**IV.    Conclusion**

Because § 1367(b) withdraws supplemental jurisdiction over Betts' claims against Safeco and Progressive, it is **ORDERED**:

- Betts' claim against Safeco is **DISMISSED** for lack of subject matter jurisdiction.
- Unless Progressive files an objection on or before October 27, 2017, Betts' claim against Progressive is **DIMISSED**.

**DONE** and **ORDERED** the 16th day of October 2017.

/s/ Kristi K. DuBose

**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**